RECEIVED
IN LAKE CHARLES, LA.

OCT 26 2009

TONY R. MOORE, CLERK
BY_____
           DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ARTHUR WILLIAMS,<br>FED. REG. #08395-035 | : | DOCKET NO. 2:09-cv-826<br>SECTION P |
| VS. | : | JUDGE TRIMBLE |
| WARDEN J.P. YOUNG | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Pro se petitioner Arthur Williams filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 18, 2009. Petitioner is an inmate in the custody of the Federal Bureau of Prisons. He is incarcerated at the Federal Corrections Institute, Lompoc California; however, when he filed his petition he was incarcerated at the Federal Corrections Institute, Oakdale, Louisiana. Petitioner collaterally attacks his 1993 convictions for drug offenses in the Alexandria Division of this Court. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

### *Background*

In 1993, petitioner was convicted on conspiracy to distribute hydrochloride and cocaine base and aiding and abetting in the possession with the intent to distribute cocaine hydrochloride and crack in the Alexandria Division of this Court; he was sentenced to serve 250 months of imprisonment. *See United States of America v. Arthur Williams*, No. 1:93-cr-10012.

Petitioner's conviction and sentence were affirmed on direct appeal to the United States

Fifth Circuit Court of Appeals. *United States v. Williams*, 49 F.3d 728 (5th Cir. 1995) (unpublished).

Plaintiff's numerous attempts to seek collateral review pursuant to 28 U.S.C. § 2255 or otherwise, have been dismissed and petitioner has been threatened with the imposition of sanctions by the United States Fifth Circuit Court of Appeals. *See United States v. Williams*, 273 Fed. Appx. 403 at *404 (5th Cir. 2008) (unpublished).

> After filing several meritless postconviction motions in the court of
> conviction and the district court for the district in which he is
> incarcerated, Williams filed in the court of conviction a purported
> Rule 35 motion seeking a reduction in his sentence . . . Williams is
> now cautioned that any future frivolous or repetitive filings in this
> court or any court subject to this court's jurisdiction will invite
> additional sanctions, including monetary penalties and limits on his
> access to federal court, as will the failure to withdraw any pending
> matters that are frivolous.

*Id.*

Petitioner now contends that he is entitled to relief pursuant to 28 U.S.C. § 2241 because the § 2255 remedy is inadequate. He claims that he is actually and factually innocent and that (1) he was denied effective assistance of counsel because his trial attorney labored under an actual conflict of interest; (2) he was denied effective assistance of counsel because his attorney failed to strike or object to a member of the jury; (3) the district court erred when it enhanced his sentence based on petitioner's alleged role in the offenses; and, (4) the district court erred in imposing a fine when no evidence established petitioner's ability to pay a fine.

### Law and Analysis

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694

2

(5th Cir. 2000). A Motion to Vacate Sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990).

Petitioner seeks to collaterally attack his conviction arguing actual innocence, ineffective assistance of counsel, and sentencing error. Thus, petitioner's claim is more appropriately raised in a § 2255 Motion to Vacate.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Jeffers*, 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision which

3

establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised at his trial, appeal, or first Motion to Vacate. Therefore, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. *See Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

Accordingly, **IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 26th day of September, 2009 .

4

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

5